Georgo Albright and John Albright, plaintiffs in error, *against* lessee of James M'Ginnis.

The 11th section of the act of 3d April, 1792, does not apply to cases of lands improved at the time of passing that law.

Ejectment of lands in Cumberland county, tried at Carlisle, wherein the following bill of exceptions was sealed.

" And now on the trial of this cause, to wit, on the 3d day of November, *anno domini* 1797, the counsel for the plaintiff gave in evidence, 1st, A warrant under seal from the land office of Pennsylvania, granted to the lessor of the plaintiff for     acres, dated 9th December 1793, (*prout* warrant;) 2d, Copy of the return of a survey made in pursuance of the said warrant, (*prout* survey;) 3d, Decision of the Board of Property in favor of the said James M'Ginnis, the lessor of the plaintiff, dated January 2d, 1795, (*prout* decision;) 4th, A patent granted to the said James M'Ginnis, dated, &c., (*prout* patent.)

" And the counsel on the part of the defendants, in order to maintain their plea of not guilty, offered testimony to prove that an improvement had been made by one of the defendants on the land in dispute in the month of March 1791, and continued to the present time; that John Albright, one of the defendants, obtained a warrant from the land office of Pennsylvania for 100 acres of land, including his improvement and the land in question, dated August 15th 1794, a copy of which warrant under the seal of the land office was offered in evidence, (*prout* warrant,) together with a receipt from the receiver general for the payment of the purchase money of the said 100 acres of land, at 10*l.* per hundred acres, with interest from the month of March 1791, (*prout* receipt.) And testimony was further offered on the part of the defendants, that a survey was made in pursuance

of the said warrant to John Albright, (*prout* survey,) and that the land included in the survey of the said James M'Ginnis and described in his patent aforesaid, is two miles distant from the land described and called for by his said warrant; and that he the said James M'Ginnis had notice of the improvement of the said John Albright, and of the warrant granted as aforesaid to include the same, before the time of making his said survey.

" To all which testimony on the part of the defendants, the counsel for the plaintiff have objected, and prayed the court not to admit the same, which prayer the court have granted, and have overruled the above testimony offered on the part of the defendants; whereupon the counsel on the behalf of the defendants do except to the said opinion of the court, and have prayed the court to put their seal to this their bill of exceptions, which is granted accordingly."

" It is thought proper to remark, that most, perhaps all the matters above mentioned, were stated by the counsel for the defendants on their argument, and offered to be proved; but the single point determined by the court was, that the plaintiff had a good and sufficient title, no ejectment having been brought by the defendants within six months after the decision of the Board of Property.

                                   JAMES RIDDLE, (L. S.)"

The plaintiff below having obtained a verdict and judgment, was put into possession of the premises under a writ of *habere facias possessionem*, and the defendants brought a writ of error, returnable to December term 1797. Mr. E. Tilghman, for the plaintiffs, and Mr. Duncan for the defendant in error, now submitted the decision of the bill of exceptions to the opinion of the court, without argument.

The court observed, that the question arising on the bill of exceptions had already been determined in the case of Hubley's *et al.* lessee *v.* White, Chew *et al.* at Sunbury Nisi Prius, in October 1796, by Yeates and Smith, Justices, on full argument and consideration. The other members of the court had been informed thereof and had concurred therein, and the whole court were unanimously of opinion that the 11th section of the act of 3d April 1792, related solely to vacant lands unappropriated and unimproved at the time of passing the law. Consequently, the judgment in this case must be reversed, and restitution awarded to the plaintiffs in error.