# Shoenburger *against* Becht.

The eleventh section of the act of the 3d of April 1792, is a statute of limitation and is applicable to all the vacant land in the commonwealth; and if an action of ejectment be not brought within six months after a decision by the board of property, he against whom such decision has been made is forever barred.

ERROR to the common pleas of *Bedford* county.

This was action of ejectment by John Shoenburger against Philip Becht.

The warrants of the plaintiff and defendant were dated upon the same day, the 6th of February 1829. A *caveat* was entered and the parties were heard before the board of property who, on the 6th of April 1829, decided in favour of the defendant. This suit was not brought until the 31st of October 1831. The defendant contended that the eleventh section of the act of the 3d of April 1792, which limits the right of action to six months after a decision by the board of property, was a conclusive bar to this action, and the court

below (Thompson, President) so instructed the jury, who found a verdict accordingly.

*W. R. Smith*, for plaintiff in error.
*Barclay*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The act of assembly of the 5th of April 1782, instituting the board of property and defining its jurisdiction, provides that its decisions shall not be binding on the rights of parties, but their legal remedies shall remain open as if no determination had been given. The act of the 3d of April 1792, for the sale of the vacant lands within the commonwealth introduced a new regulation, limiting the time within which a party should be at liberty to enter his suit at common law, after a determination of the board against him on a *caveat*, to six months from the time of such determination, and declaring that a patent issued at the end of that term should be a full and perfect title to the lands against all parties and privies to the *caveat*, with the usual saving to infants and others. In the present case the land was vacant, and the parties claimed under different warrants, both dated the 6th of February 1829. There was a hearing before the board of property on the 6th of April 1829, and the board decided in favour of the defendant, Becht. On the 31st of October 1831, the plaintiff, Shoenburger, commenced this ejectment. The error assigned is in the charge of the court below, that the plaintiff could not recover, because he did not bring his suit within six months after the date of the decision of the board of property. We are of opinion that the charge of the court below was correct. The settled construction of the eleventh section of the act of the 3d of April 1792, has been that it does not extend to lands appropriated by sale or improvement before the date of that act. In the case of Hubley *v.* White, 2 *Yeates* 147, this point was fully discussed by counsel, and the reasons of the court are given for the construction: and in Albright *v.* M'Gennis, 2 *Yeates* 485 and Sturmely *v.* Young, 2 *Binn.* 523, the same principle is recognised. But it is at the same time laid down, and we think it clear on the face of the act, that all lands then vacant and unappropriated are within the spirit and purview of the act, in whatever purchase they are situate. In Nicholson *v.* Wallis, 4 *Dall.* 155, the land was in Northumberland county, and it seems to have been taken for granted, that it was embraced by the act, the only question being, whether the suit was entered within six months. It is unimportant to inquire, whether the land sued for in the present ejectment, was within the purchase of 1768 or 1784; if it was vacant at and after the passage of the act of 3d of April 1792, it falls within the provisions of the 11th section of the act. It is also immaterial what are the recitals in the decision of the board, of their reasons for determining as they did, or what were the previous titles of the parties. The act is a limita-

tion act, giving to the losing party a remedy equivalent to an appeal, within a certain time, but expressly declaring that if that time is suffered to elapse without suit, the title of the successful party shall be a full and perfect one, against all parties and privies to the *caveat*. Becht succeeded before the board ; the decision was in his favour; no suit was commenced for more than two years. His title thereby became full and perfect, and we are not at liberty to inquire whether it was previously imperfect, without contravening the positive provisions of the law, provisions which the legislature had an unquestionable right to impose on all future sales or dispositions of their lands, and which, for the quiet of titles and suppression of litigation, they have deemed it proper to'enact.

Judgment affirmed.