# French *against* Seely.

The decision of the Board of Property upon a caveat, is final and conclusive of the rights of the parties, unless an ejectment be brought by him against whom it was made within six months; and this whether the parties claim under warrants or improvements.

ERROR to the common pleas of *Bradford* county.

George W. French against William Seely.    Ejectment for four hundred acres of land.    The plaintiff gave in evidence an application of George W. French, dated the 1st of November 1833, with the necessary affidavit of an improvement having been made and grain raised in 1807.    On the 23d of July 1835 warrant to George W. French; survey the 14th of September 1835, and patent the 30th of October 1835.

The defendant offered in evidence the application of William Seely for the land on the 30th of July 1831, when a warrant was granted; interest from the 1st of June 1831.    That the defendant went into possession of the land on the 1st of June 1831, when there was no other settlement upon it, and has resided upon it ever since.

The plaintiff objected to the evidence, and in support of the objection gave in evidence, on the 22d of December 1831, caveat of George W. French, William H. French and James S. Hall, against

[French v. Seely.]

a patent issuing to William Seely on his warrant dated the 30th of July 1831.   On the 5th of January 1832 citation to William Seely and decision of the board of property the 3d of December 1832, in favour of the caveators.

The court below overruled the objection and sealed a bill of exceptions at the request of the plaintiff; and in answer to a point upon which they were requested to charge the jury, they answered, that the decision of the board of property was not conclusive in favour of the plaintiff, although no ejectment had been brought by the defendant within six months thereafter.   Verdict for defendant.

This direction was assigned for error.

*Overton*, for plaintiff in error, cited 5 *Watts* 194.

*Williston*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—The only question submitted to the decision of the court is the conclusive nature of the decree of the board of property. In answer to the defendant's title, which was founded on an actual settlement, warrant and survey of the 30th of July 1831, the plaintiff gave in evidence a caveat against issuing a patent to the defendant, Seely, a decision in favour of the caveators, under whom the plaintiff claims, and then requested the court to charge the jury, that the decision of the board of property, and his neglecting to bring an action of ejectment within six months after such decision, were conclusive against any title he, Seely, had under his warrant and improvement right, at that time.   This direction the court refused to give, and of this the plaintiff complains.

The eleventh section of the act of the 3d of April 1792, as is held in Shoenberger *v.* Becht, 5 *Watts* 194, is an act of limitation, and is applicable to all vacant lands in the commonwealth; and if an action of ejectment be not brought within six months after a decision by the board of property, he against whom the decision is made is forever barred.   The authority of Shoenberger *v.* Becht is admitted, but a distinction is attempted, because in that case both parties claimed under warrants and surveys, and in this one party claims by virtue of an improvement.   But we do not perceive that this can make any difference in principle, for in this instance the board of property decided in favour of caveators, and direct a warrant to issue for the lands in dispute to the plaintiffs, on their paying the purchase money and fees, agreeably to law.   This is in effect deciding that French was entitled to a patent on his complying with the decision of the board of property, by payment of the purchase money and the fees of office; and in compliance with the decree of the board French took out his warrant on the 23d of July 1835, and the commonwealth granted him a patent for the land in controversy on the 30th of October 1835.   The action of ejectment

[Freuch v. Seely.]

is in the nature of an appeal from the decision of the board of property on the caveat. If the party against whom the determination of the board is, does not think proper to pursue the remedy, which is plainly pointed out in the act, he has no right to complain that the title of the successful party shall be deemed full and perfect, and as such, conclusive of the right against all parties and privies. It is no slight recommendation to the decision in Shoenberger *v.* Becht, that it tends to encourage the settlement and improvement of the country by putting an end, as speedily as possible, to all controversies in respect to those imperfect rights which manifestly stand on a different footing from other titles in this state. It would be intolerable, that a settler in whose favour a decree is had, without appeal, and who had made valuable improvements, should be turned out of possession by an unsuccessful party, who neglects or refuses to enter his appeal in the manner prescribed: but this consequence is inevitable, unless the settlers are embraced within the provision of the act which limits the ejectment to six months: after that period the settler has a right to consider a claim of the opposite party abandoned.

Judgment reversed, and a *venire de novo* awarded.