# Wenger *versus* Raymond & Campbell.

1. In 1876, A. and B. owned a joint and undivided interest in a certain leasehold estate in a tract of land upon which buildings had been erected. The said lessees sublet the rooms in said buildings to other parties. They agreed between themselves that A. should have charge of the lower front rooms of the building, lease the same, collect the rents therefor, etc., and that B. should have a similar charge over the rear and upper rooms. This arrangement, which was simply for purposes of convenience, did not affect their joint ownership, as each recognized the undivided interest of the other in the whole lease. In October 1879, A. leased one of the rooms under his care to C. for a term to expire April 1st 1880. He collected the rent, and signed a receipt therefor in the name of "A. & B. per A." On December 31st 1879, C. received from B. a notice to quit on the expiration of his term. On going to A. for an explanation, C. was referred by him to B., who renewed the lease for another year. On June 30th 1880, A. sold his undivided interest in said leasehold to D. & E. On December 31st 1880, D. & E. served the following notice on C.:

"Take notice, that as the time for which you leased the house and premises you now occupy, situated on Union street, which was demised to you by A. & B., will expire on the 31st day of March 1880, and as we are desirous to have again and re-possess the same at the said expressed period, you are hereby notified and required to remove from and leave the same, at the expiration of the time aforesaid." (Signed) D. & E.

About the same time B. renewed the lease to C. for another year from April 1st 1881, and subsequently again renewed it for the following year, under which leases C. remained in possession. In an action by D. & E. to oust C. under the Landlord and Tenant's Act of December 14th 1863, the judge, under this state of facts, submitted the question to the jury whether C., under his contract of December 31st 1879, was the tenant of A. or of B.; charging them that in the former event, A. having parted with his interest to D. & E., C. would be estopped from denying their title, and the plaintiffs would be entitled to recover :

*Held*, to be error, as the submission was not warranted by the evidence, which clearly showed that A. & B. were the joint lessors of C.

2. The notice to quit, recited above, which was dated December 30th) 1880, and served December 31st 1880, incorrectly stated that the lease expired on March 31st 1880, instead of 1881. *Held*, that as the mistake was explained by the dates and other language of the notice, the latter was a substantial compliance with the Act of December 14th 1863.

3. Holt *v.* Martin, 1 P. F. S. 499, explained.

May 28th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

8 OUTERBRIDGE.—3

[Wenger *v.* Raymond.]

ERROR to the Court of Common Pleas of *Dauphin county :* Of May Term 1883, No. 19.

This was a proceeding before a justice of the peace by Seymour Raymond and Joseph Campbell, trading as Raymond and Campbell, landlords, against George Wenger, tenant, to recover the possession of a certain leasehold under the Act of December 14th 1863. The justice gave judgment of ouster for the plaintiffs, whereupon Wenger appealed to the Court of Common Pleas of Dauphin county. The transcript of the justice was treated as a declaration, to which Wenger pleaded not guilty. The trial then proceeded as in the nature of a proceeding in ejectment as provided by the Act of 1863.

The facts of the case and the material portion of the charge of the court are fully recited in the opinion of the Supreme Court.

Verdict for the plaintiffs and judgment thereon. The defendant thereupon took this writ of error, assigning for error the instruction of the court that the notice to quit (hereinafter recited) was sufficient, and the portion of the charge quoted infra.

*Geo. H. Irwin* and *Hall & Jordan,* for the plaintiff in error.

*B. F. Etter* and *Lyman D. Gilbert,* for the defendants in error.

Mr. Justice CLARK delivered the opinion of the court October 2nd 1883.

In the year 1856, certain real estate of George Frey, now deceased, situate in the borough of Middletown, Dauphin county, was leased, for a term of eighty-two years, to Raymond & Kendig, who, afterwards, sold their term to Rambler & Landis. The premises were afterwards sublet, by Rambler & Landis, for a term of twenty-two years. The latter term, expiring on the first of April 1881, was, in the year 1876, held by David Detwiler and Jacob W. Stofer, equally, and in common. Buildings had been erected thereon, and the several rooms therein were, by Detwiler and Stofer, leased from year to year for business purposes. Detwiler acquired his interest in the sublease in 1876, and shortly afterwards, it was agreed between Detwiler and Stofer, that Detwiler should take charge of the front part, collect the rents, provide tenants, &c., and that Stofer should take charge of the rear and the upstairs of the building. There was no partition in the ownership; the care of the rooms, and the distribution of the rents, were thus provided for, and settlements avoided ; they " called it square."

[Wenger v. Raymond.]

It would appear, however, that each recognized the title and ownership of the other; the leases were not by Detwiler and Stofer severally, each in their own name, they were joint; the tenants were not lessees of an undisclosed principal, the arrangement was one for their mutual convenience only. In October 1879, Detwiler leased one of the rooms under his care, to George Wenger, for a term, to expire on the 1st day of April, 1880, at the rate of $50 per annum. Wenger went into the possession, and on the 16th February 1880, paid a portion of the rent to Detwiler, who gave a receipt in the following form:

"Middletown, Feb. 16th 1880.

"Received of George Wenger sixteen dollars and sixty-six cents ($16.66), being the amount due for three months' rent; pays up till the 16th of March 1880.

"Stofer & Detwiler,<br>by Detwiler."

On the 31st December 1879, Wenger received a notice from Stofer to quit the possession. Detwiler, in speaking of this notice, says:

"On December 31st 1879, he (Wenger), received a notice and landlord's warning, and it was a very big surprise to him, for he never had received such notices, and he came to me in a hurried manner. I was employed then at the car-works, working, he came to me and said, 'What does this mean?' Says I, 'That is a regular landlord's notice, that each tenant gets in the month of December.' 'Well,' says he, 'what am I to do about it?' Says I, 'You are to go to Mr. Stofer.' I had not time to have much conversation with him; it was no matter to me; I thought of course he would stay, and he did stay, all know that."

Question. "Then he stayed on under the old lease?"

Ans. "Me and Stofer made a new lease." "I was not aware that the notice was sent, but I saw the notice after he came to see me, of course."

At this time Stofer leased the premises to Wenger, for another year from the 1st of April 1880, to 1st April 1881. On the 30th day of June 1880, Detwiler sold his interest in the sublease to Raymond & Campbell; on the same day the latter purchased from Rambler his one undivided half part of the original lease, and on the 8th day of July following, Stofer purchased of Landis the other half; thus the ownership not only of the original but the sublease, became vested one half in Raymond & Campbell, and the other half in Stofer.

On the 31st day of December 1880, Raymond & Campbell served on Wenger a notice to quit as follows:

[Wenger *v.* Raymond.]

"Middletown, Dec. 31st 1880.

" To George Wenger :

" Take notice, that as the time for which you leased the house and premises you now occupy, situated on Union street, which was *demised to you by Stofer and Detwiler*, will expire on the 31st day of March 1880, and as we are desirous to have again and repossess the same, at the said expressed period, you are hereby notified and required to remove from, and leave the same, at the expiration of time aforesaid.

"Raymond & Campbell."

About the same time however, Stofer renewed the lease to Wenger for another year, from 1st April 1881, and in December 1881, again renewed the lease for a year from 1st April 1882. On the 26th July 1882, Raymond & Campbell instituted before a justice of the peace summary proceedings to obtain possession under the Act of 1863 ; the present action, in the nature of an ejectment, comes, by appeal, from the judgment of the justice of the peace.

At the trial below, the court submitted the cause to the jury, upon the single question, as to whether Wenger was the tenant of Detwiler, under his contract of 31st December 1879, with Stofer. The court in the general charge to the jury, say :

" What was the true character of the agreement then made ? In other words, did Mr. Stofer then become the landlord of Mr. Wenger, in the place of Mr. Detwiler, or did the then existing relation of landlord and tenant, between Mr. Detwiler and Mr. Wenger, continue just as it was before? In other words, was the lease renewed through Mr. Stofer, or Mr. Detwiler, or was the lease made between Mr. Wenger and Mr. Stofer, as if Mr. Detwiler had nothing to do with it ? Was Mr. Stofer at that time substituted, in accordance with the arrangement of the parties, as the landlord of Mr. Wenger? or did he assume to become the landlord of Mr. Wenger at that time, and did he rent the premises *to him, as if they belonged to himself ?*"

" The reason for this inquiry," says the court, " is found in the rule, that a tenant is not allowed to dispute his landlord's title. In other words, the relation between landlord and tenant is one of confidence,—the tenant has possession of the landlord's property, and is therefore in a position of advantage, and he is not allowed, after having obtained possession of his landlord's property, by contract between them, to break that relation thus established ; he is not allowed, in a proceeding by the landlord to recover that possession, to set anything up against the landlord's title."

The rule of law asserted by the court, is familiar, and is undoubtedly a correct one, founded in reason and established

[Wenger *v.* Raymond.]

by a long line of authority, but we are not able to apply the rule to this case. There was no sufficient evidence to justify the submission of such a question to the jury. The history of the cause, from the beginning to the end, the notice to quit, the complaint upon which the suit depends, the proceedings before the justice, which by agreement constitute the pleadings in this case, abundantly show that Stofer and Detwiler were not only the joint owners, but the lessors of the property to Wenger. The affidavit of Raymond & Campbell, which is the foundation of the whole proceeding, is clear and explicit in its recitals as follows:

"That the said Jacob W. Stofer and David A. Detwiler, whilst they were quietly and peaceably possessed of the room aforsesaid, in said buildings, demised the same under annual rent of forty-eight dollars, to George Wenger, the tenant, now in possession, for the term of one year, from April 1st 1880. That said George Wenger entered into possession of said demised premises, by virtue of said demise, and that said term is fully ended."

How then can it be said that Wenger was the tenant of Detwiler alone, when the action is brought and maintained throughout, by the plaintiff upon a different averment of the pleadings?

The facts of this case are altogether different from those in Holt *v.* Martin, 1 P. F. S. 499, and the law governing its determination is therefore different. This is not the case of a lease, by an agent, for an undisclosed principal, as in the case of Holt *v.* Martin, supra, and in Seyfert *v.* Bean, 2 Norris 450. Here, the ownership was open, disclosed, recognized and admitted. The transaction was plain and unmistakable. In October 1879, Detwiler made the contract with Wenger, and the rent was paid to and receipted by him, in the name of Detwiler & Stofer. In December following, Stofer made the contract by the direction of Detwiler, and, now the effort is to show what was expressly refused in Holt *v.* Martin and Seyfert *v.* Bean, 2 N. 450, viz.: that Stofer was only the agent of Detwiler.

We are of opinion, that the notice was a substantial compliance with the act. It was dated December 30th 1880, it was served December 31st 1880, and the statement therein that the lease expired March 31st 1880, was a clear mistake, a manifest blunder. It was explicit and clear, however, in this, that possession was demanded at the expiration of the lease. This was sufficient.

We find no error in the remaining assignment.

For the reasons already stated the judgment is reversed, and a venire facias de novo is awarded.