## Rudolf Louis Jalass, Appellant, *v*. Charles Young.

*Real estate—Delivery of possession—Cause of action.*

No cause of action is shown where the plaintiff in action for failure to deliver possession of premises purchased, knowing there was no written lease, and with full opportunity to inquire of the tenant, instead of protecting himself by an express agreement for possession at a specified time, chose to rely on the landlord's recollection as to close of the tenancy, and so failed to give requisite notice to quit. In the absence of intentional deceit, this left him without remedy for the mistake into which the parties fell, as to the notice to quit.

*Vendor and vendee—Real estate—Delivery of possession.*

When a man sells a house, which is subject to a lease, unless he agrees that he will procure possession at a particular time, he is not bound to do so.

Argued, Dec. 17, 1896.   Appeal, No. 165, Nov. T., 1896, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1894, No. 139, on verdict for defendant.   Before RICE, P. J.; WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Assumpsit to recover damages for failure to deliver possession of premises purchased subject to a lease.   Before THAYER, P. J.

The facts sufficiently appear in the opinion of the Superior Court.

The court directed a verdict for defendant.   Plaintiff appealed.

*Error assigned* was giving binding instructions to the jury to find a verdict for the defendant.

*Henry Budd*, for appellant.

*Amos Briggs*, for appellee.

OPINION BY SMITH, J., January 18, 1897 :

The plaintiff avers, as his cause of action, " that the defendant in the month of November, 1892, sold the premises 2050 South street, in the city of Philadelphia, to the plaintiff who acquired title thereto by deed dated the seventh day of November, 1892. Defendant then and there expressly promised and agreed to and with the plaintiff that possession could be had thereof on the nineteenth day of April, 1893, by giving three months' notice to the tenant in possession, who held from year to year, and then and there undertook to deliver the possession thereof in accordance with said agreement."

The evidence wholly fails to establish the agreement thus alleged.   It shows that the plaintiff desiring to enlarge his place of business, asked the defendant " early in the summer, or in the middle of the summer " of 1892, if he would sell, and when the tenant's term expired.   There was no written lease, but the

defendant referring to his books told the plaintiff that the term expired April 19, 1893. Some further conversation took place, but the plaintiff neither bought nor agreed to buy. About a month later the plaintiff again called on the defendant and, as testified, "We spoke the same things over again." Still no agreement of purchase was made. In October, however, a purchase was made, in the manner thus related by the plaintiff: "I made up my mind, and I went to him and said, 'Mr. Young, I believe I buy it, I have to do so.' So I paid him $50.00 on it, and we spoke the same over again when the time was up. I asked him how he could get those people out. He says 'We have got time. When Mr. Quinn signs the deed to you he makes out a notice. When you get your deed we will serve notice.' He gave me a receipt for the $50.00 I paid him."

The deed was dated November 7. The transaction was finally closed on November 15. Mr. Quinn, who acted as attorney for the parties, prepared a notice to quit, which was dated November 15, and served on Richard Bracken, the tenant, on the same day. It was of the following tenor: "Philadelphia, Nov. 15, 1892, Mr. Richard Bracken, Sir: Being in the possession of a certain messuage or tenement, with the appurtenances, situate No. 2050 South Street, which said premises were demised to you by Charles Young for a certain term, which will terminate and expire on the 19th day of April, A. D. 1893, I hereby give you notice, that it is my desire to have again and repossess the said messuage or tenement, with the appurtenances, and I therefore do hereby require you to leave the same upon the expiration of the hereinbefore mentioned term." This notice was signed by Charles Young and Rudolph L. Jalass.

The tenant paid rent to the plaintiff until April 19, 1893, but declined to leave at that time. On proceeding by the plaintiff to recover possession, under the landlord and tenant law, it appeared that Bracken's lease expired March 19, instead of April 19. An appeal was taken to the common pleas, but the record of the proceedings there is not printed. The paper-book of the appellant merely sets forth that "Mr. Wireman offered in evidence the whole of record in common pleas No. 3, appearance docket, March term, 1895, showing nonsuit." It was contended, on the argument, that the proceeding failed by reason of the insufficiency of the notice. If the decision here

turned on this point, we should regard the notice as sufficient. The misstatement as to the end of the term could not mislead the tenant, who of course knew when the current year expired. It conformed substantially to the statutory requirements and was served more than four months before the actual close of the year. In Wenger v. Raymond, 104 Pa. 33, a notice dated and served December 31, 1880, requiring possession of premises leased for a term which "will expire on the 31st of March, 1880," was held sufficient; being "explicit and clear in this, that possession was demanded at the expiration of the lease." This, also, was what the notice in the present case demanded.

But whatever the effect of the notice, as a termination of the tenancy, it is clear that the defendant made no promise to place the plaintiff in possession of the property at the end of the term, and that no such promise was implied from the conveyance. It is upon such a promise that the plaintiff seeks to recover. It is conceded that the defendant's representation as to the close of the tenancy was erroneous, but it is equally clear that it was honestly made, and with no intent to deceive. It is not claimed that the defendant derived any advantage from the misstatement, or that the plaintiff would not have bought had he known that the year ended in March. On the contrary as the plaintiff was anxious for an early possession of the premises, knowledge of this would no doubt have been an inducement to purchase, and a corresponding advantage to the defendant in making the sale.

The plaintiff, knowing there was no written lease, and with full opportunity to inquire of his tenant, instead of protecting himself by an express agreement for possession at a specified time, chose to rely on the landlord's recollection as to the close of the tenancy. In the absence of intentional deceit, this left him without remedy for the mistake into which the parties thus fell.

The judgment must therefore be affirmed.