# Anderson *v.* McHenry, Appellant.

*Practice—Landlord and tenant—Proceedings for possession—Act of December 14, 1863, P. L. (1864) 1125—Appeals to common pleas—Practice Act of 1915—Judgment for want of a sufficient affidavit of defense—Justice of the peace—Jurisdiction of.*

The Act of December 14, 1863, P. L. (1864) 1125, (Landlord and Tenant Act) allows an appeal to the Court of Common Pleas from the judgment of a justice of the peace in a proceeding for possession, and provides that such appeal shall be tried in the same manner as actions of ejectment.

The Practice Act of 1915 has no application to such actions, and the court is without authority to enter judgment for want of a sufficient affidavit of defense in such proceedings. While motions for judgment for want of a sufficient affidavit of defense in assumpsit and for judgment on the pleadings in ejectment may have some elements in common they are essentially different, and the former is not substituted for the latter.

The foundation of the proceeding for possession under the Act of 1863 and the supplement of March 31, 1905, P. L. 87, is the existence

of a tenancy, or occupation for an indeterminate time, under a license. Unless these jurisdictional facts appear affirmatively on the face of the record of the justice of the peace the proceeding is void.

Argued April 12, 1927. Appeal No. 173, April T., 1927, by defendant from judgment of C. P. Indiana County, March T., 1927, No. 107, in the case of Edna Anderson v. Mabel B. McHenry. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Appeal from a proceeding before a justice of the peace to obtain possession of certain premises. Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The rule was made absolute. Defendant appealed.

*Error assigned* was the order of the Court.

*E. Walker Smith,* for appellant.

*W. C. Chapman,* for appellee.

OPINION BY LINN, J., July 8, 1927:

This is a proceeding for possession under the landlord and tenant act of December 14, 1863, P. L. (1864) 1125, as supplemented by the Act of March 31, 1905, P. L. 87. The justice of the peace rendered judgment for the alleged landlord-plaintiff; the defendant appealed to the common pleas. There the plaintiff filed a statement of claim and ruled the alleged tenant to file an affidavit of defense; she did so and the plaintiff moved for judgment for want of a sufficient affidavit of defense and obtained such judgment. Defendant at once filed a petition asserting that the Practice Act of 1915, requiring affidavits of defense in certain actions

as therein stated, and permitting judgments for want
of sufficient affidavit, was inapplicable to such landlord
and tenant proceedings; she also asserted, inter alia,
that the justice of the peace had no jurisdiction of the
subject matter disclosed on the record, and she asked
that the court reconsider the motion for judgment for
want of a sufficient affidavit of defense, and enter judg-
ment for defendant. That motion was refused. Ap-
pellant now makes two complaints: (1) that the affi-
davit of defense law is inapplicable; (2) that the
justice of the peace and the court below lacked juris-
diction of the subject matter.

(1) The Act of 1863, supra, allows an appeal to the
common pleas and provides that "such appeal shall
not be a supersedeas to the warrant of possession
aforesaid, [repealed as to Philadelphia June 25, 1869,
P. L. 1275] but shall be tried in the same manner as
actions of ejectment; and if the jury shall find in
favor of the tenant, they shall also assess the damages
which he shall have sustained by reason of his removal
from the premises; ......": see Koontz v. Hammond,
62 Pa. 177, 182; Wenger v. Raymond, 104 Pa. 33, 36.
The Practice Act of 1915 has no application to actions
of ejectment; the Act of June 12, 1919, P. L. 478,
(amending prior legislation) provides that in all ac-
tions of ejectment, "...... in addition to the plea of
'not guilty' now required by law, the defendant shall
file an answer [to the plaintiff's declaration and ab-
stract of title under which he claims the land] in the
nature of a special plea, in which he shall set forth his
grounds of defense, with an abstract of the title by
which he claims; and no action of ejectment shall be
considered at issue until the plaintiff's statement and
the defendant's plea and answer shall be filed; nor
shall any evidence be received, on the trial of said
action, of any matter not appearing in the pleadings,
subject to the power of amendment ...... Provided,
That the court may, on rule, enter such judgment on

the pleadings, in favor of either party, as it may appear to the court the party is entitled to . . . . . . . ''': see Schoch v. American Int. Corp., 286 Pa. 181, 190 and cases there cited; McCloskey v. O'Hanlan, 35 Pa. Superior Ct. 95, 100. While motions for judgment for want of a sufficient affidavit of defense in assumpsit and for judgment on the pleadings in ejectment may have some elements in common, they are essentially different and the former is not a substitute for the latter. The court was therefore wrong in entering judgment for want of a sufficient affidavit of defense.

(2) The record also shows want of jurisdiction of the subject matter. "As was well said in Graver v. Fehr, 89 Pa. 460, the summary remedy given by the Landlord and Tenant Act of 1863 and its supplements, though convenient and necessary in proper cases, is in derogation of the common law, and hence 'the necessary jurisdiction must appear affirmatively on the face of the record or the proceeding is non coram judice and utterly void.' To the same effect is Givens v. Miller, 62 Pa. 133, in which it was previously held that jurisdiction under the act being special, the record of the magistrate must contain every essential to support the judgment, and nothing that ought to appear there can be taken by intendment.": Davis v. Davis, 115 Pa. 261, 264. What must appear in the record of the justice of the peace in such case has frequently been stated, most recently in Mikulski v. Ziolkowski, 73 Pa. Superior Ct. 72. The transcript of the justice does not show a case within the Act of 1863 and the supplement of 1905. The Act of 1863 authorizes proceedings by the lessor or his agent or attorney; the Act of February 20, 1867, P. L. 30, authorizes proceedings by an owner who acquired title by descent or purchase from the original lessor. The Act of 1863 applied only if the term was for one or more years, or at will, and required three months' notice to the tenant; the Act of March 6, 1872, P. L. 22, prohibited proceedings un-

less founded on a written lease or contract or on a parol agreement "and a certain rent therein is reserved." The scope of this legislation was much amplified by the supplement of March 31, 1905, P. L. 87, entitled, "To provide for notice in the recovery of possession of premises by a landlord, in all cases where the tenant holds for a term less than one year either by license or lease for an indeterminate time." It enlarged the classes of tenancy to which the procedure of the Act of 1863 is applicable, by including occupation "either by license or lease, whether oral or written, for any time less than one year or by the month or for an indeterminate time," and reduced the three months' period of notice to thirty days.

Coming now to the transcript filed in this case, we observe that the complaint states that appellant occupied the premises "without any lease, oral or written, but only by license of the owner for an indeterminate time," and that she had so occupied them since the 10th of April, 1926, when, it is averred, she was granted an absolute divorce from her husband. There is no averment stating who was the landlord who granted the alleged license to the appellant, or who owned the premises on April 10, 1926. It is averred that the plaintiff purchased the premises on October 27, 1926, from the divorced husband of the appellant, but it does not appear whether the husband owned the premises on April 10, 1926, when the alleged license was said to have been granted; the court cannot assume that he was the licensor from the fact that in October, 1926, he made a deed to plaintiff. It does very definitely appear that defendant was in possession long before plaintiff bought. The statement of the justice of what occurred at the hearing contains no findings to supply these omissions in the complaint. It does not appear who granted the alleged license for the indeterminate term; for aught that appears in the complaint or anywhere in the transcript, plaintiff and defendant

hold under different titles; compare Wenger v. Raymond, 104 Pa. 33, 36; Koontz v. Hammond, 62 Pa. 177, 182. Plaintiff's case is not within the landlord and tenant act but requires an action of ejectment to determine the right of possession; this record was therefore clearly inadequate in the respect indicated when brought into common pleas, and for that reason, the learned court below might very properly have adopted appellant's contention that jurisdiction was lacking. In the common pleas, plaintiff filed a statement of claim, alleging purchase of the property from Albert C. McHenry, by deed dated October, 1926; alleging the granting to the appellant of a divorce from Albert C. McHenry on April 10, 1926; that previous to the desertion of McHenry on or about June 1, 1923, he and appellant had occupied the property; that since that date appellant alone occupied it "without any lease, oral or written, from said Albert C. McHenry or the present owner, Edna Anderson"; that thirty days' notice was given by plaintiff and that the justice gave judgment for plaintiff and against the defendant. There is no averment that appellant was in possession under Albert C. McHenry or under the plaintiff (who claims under McHenry); her possession may and could have been under another title; unless she was in under the title under which plaintiff claims, the case is not within the landlord and tenant acts; that fact should appear. The statement of claim is therefore defective in not stating proceedings properly brought under the Act of 1863 and supplements. The foundation of the proceeding is the existence of a tenancy, or occupation for an indeterminate time under a license, yet the statement avers that there was no tenancy by lease, and is without averment that there was occupation for an indeterminate time under a license granted by plaintiff or anyone under whom she claims. The case is very different from McHendry v. Shaffer, 58 Pa. Superior Ct. 171, relied on by plaintiff; at page 173 the court speci-

fies that the transcript showed that the grantee "gave leave and license to [occupant] for the occupation of a part of said premises for an indeterminate time."

The judgment is reversed and the record is remitted with instructions to reverse the judgment entered by the justice of the peace.